(128 P.3d 424)

No. 94,402

TRAVIS HAUSCHULZ, *Appellant*, v. C. GOBBLE, *Appellee*.

Opinion filed February 17, 2006.

*Travis Hauschulz*, appellant pro se.

*Jon D. Graves*, special assistant attorney general, Kansas Department of Corrections, for appellee.

Before BUSER, P.J., LARSON, S.J., and WAHL, S.J.

LARSON, J.: Travis Hauschulz, an inmate at the Hutchinson Correctional facility, appeals the district court's ruling that the small claims court did not have jurisdiction over his tort claim against a prison guard.

Hauschulz filed a petition in the small claims court pursuant to the Small Claims Procedure Act, K.S.A. 61-2701 *et seq.*, for damages against Corrections Officer C. Gobble, contending the guard had violated prison policy in confiscating and destroying two photographs from his locker.

Officer Gobble moved to dismiss, contending the claim fell within the scope of the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*, and that it could not be pursued under the Small Claims Procedure Act. Gobble further stated the pictures were removed because they violated the facility's obscenity policy and the removal took place during his established workday as a part of his duties within the scope of his employment.

The small claims court dismissed the petition for lack of jurisdiction.

Hauschulz appealed the decision to the district court.

Officer Gobble again moved to dismiss on the grounds the claim fell under the KTCA. Hauschulz opposed the motion arguing the

claim was against Gobble as an individual, outside the scope of his employment. Defendant Gobble's affidavit stated he was lawfully employed as a corrections officer; the event Hauschulz complained of happened while he was at work and in uniform, during his scheduled hours; and the action he took against inmate Hauschulz' property was appropriate and within the scope of his employment and duties.

The district court, after a hearing, found the small claims court was correct in finding it did not have jurisdiction over Hauschulz' KTCA claim and dismissed the appeal. Hauschulz timely appeals.

The question in this appeal is whether the small claims court had jurisdiction over a KTCA claim.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

The KTCA provides that, unless a statutory exception applies, governmental entities are liable for damages caused by the negligent or wrongful act or admission of employees acting within the scope of their employment under circumstances where the government entity, if a private person, would be liable under the laws of the state. K.S.A. 2005 Supp. 75-6103(a).

A governmental entity means the State or a municipality. K.S.A. 2005 Supp. 75-6102(c). "State" includes any department or branch of state government. K.S.A. 2005 Supp. 75-6102(a). An employee is any officer or employee of a governmental entity. K.S.A. 2005 Supp. 75-6102(d). In this case, Officer Gobble is a corrections officer at the Hutchinson Correctional Facility employed by the Kansas Department of Corrections. He is an employee of a governmental entity for purposes of the KTCA.

But, K.S.A. 2005 Supp. 75-6103(b)(2) specifically states: "Actions within the scope of the Kansas tort claims act may not be brought under the small claims procedure act."

Hauschulz' argument that the KTCA does not apply because Officer Gobble violated prison procedures in confiscating and disposing of the pictures is without merit.

The comment to PIK Civ. 3d 107.06 teaches us:

"An employee is acting within the scope of his authority when he is performing services for which he has been employed, or when he is doing anything which is reasonably incidental to his employment. The test is not necessarily whether the specific conduct was expressly authorized or forbidden by the employer, but whether such conduct should have been fairly foreseen from the nature of the employment and the duties relating to it."

See *Commerce Bank of St. Joseph v. State*, 251 Kan. 207, 833 P.2d 996 (1992).

In this case, it is uncontroverted that Officer Gobble was conducting a "shakedown/search" of Hauschulz' cell when the pictures were discovered. The search was one of Officer Gobble's job duties for which he had express authority from his employer. The search was not for his personal benefit but in furtherance of the State's obligation.

Hauschulz' contention that the disposition of confiscated property was not accomplished in accordance with prison management policies is not persuasive. Gobble was performing services for which he was employed, and his conduct was fairly foreseen from the nature of his employment and his job duties.

Although the parties both argue about the propriety of Gobble's actions, liability is not the issue here.

Gobble was clearly a state employee acting within the scope of his employment. Any damage action against him clearly falls within the purview of the KTCA.

The prohibition of K.S.A. 2005 Supp. 75-6103(b)(2) previously cited expressly forbids actions that fall within the KTCA from being brought or entertained in small claims court.

Jurisdiction did not exist in this case in small claims court. Both courts below correctly held they did not have jurisdiction over the action. We do not have jurisdiction for the same reason.

The case and the appeal are dismissed.